UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PEELER,

      Plaintiff,

v.                              Case No. 8:12-cv-1584-T-33TGW

KVH INDUSTRIES, INC.,

      Defendant.
_____/

## ORDER

This cause comes before the Court in consideration of Plaintiff David Peeler's Motion for Reconsideration of Order on Motions for Summary Judgment (Doc. # 49), filed on August 19, 2013.  Defendant KVH Industries filed a response in opposition to the Motion (Doc. # 50) on September 3, 2013.  For the reasons that follow, the Court grants the Motion in part and defers ruling on the issue of prejudgment interest until the parties have had an opportunity to introduce all relevant evidence at trial.

## I.  Background

Peeler, formerly an independent contractor for KVH, initiated this breach-of-contract action in April of 2012 to recover back commissions allegedly owed to Peeler by KVH

pursuant to an Agreement entered into between the parties in 2003.  (Doc. # 2).

KVH and Peeler filed cross motions for summary judgment on June 6, 2013 (Doc. # 29), and June 7, 2013 (Doc. # 34), respectively.  Within its motion for summary judgment, KVH argued that Peeler's breach-of-contract claim should be barred either by (1) Florida's statute of limitations or (2) the doctrine of laches.  (Doc. # 29 at 16, 22).  Peeler conversely argued in his motion that he was entitled to summary judgment on his breach-of-contract claim because the relevant Agreement unambiguously supported his theory of how his commissions should have been paid.  (Doc. # 34 at 6).  As a secondary matter, Peeler included within his summary judgment motion a brief assertion of his entitlement to prejudgment statutory interest should he be awarded damages as a prevailing party in this litigation.  (Id. at 15).  KVH argued in response to Peeler's motion that an award of prejudgment interest to Peeler would violate public policy and would not promote the purpose of the applicable prejudgment interest statute -- that is, to encourage early settlement of claims.  (Doc. # 38 at 12).

2

On July 25, 2013, this Court entered an Order denying each party's motion for summary judgment and additionally determining that an award of prejudgment interest in this case would be inappropriate.  (Doc. # 48).  On August 19, 2013, Peeler filed the instant Motion for Reconsideration, which requests that the Court reconsider its Order on the motions for summary judgment only as to the Court's determination that an award of prejudgment interest would be inappropriate in this case.  (Doc. # 49).  Specifically, Peeler argues that "the interests of justice require correction of the [summary judgment] Order" because "the Court overlooked and/or misapprehended certain facts in the testimony of Mr. Peeler . . . ."  (Doc. # 49 at 2-3).

KVH filed a response in opposition to the Motion on September 3, 2013, arguing that Peeler's Motion "is not based on one of the limited purposes for which a reconsideration may be sought pursuant to [Rule] 59(e)," but rather "rehashes arguments previously made to this Court and improperly asks the Court to revisit matters already squarely decided."  (Doc. # 50 at 1).  The Court has carefully reviewed the Motion as well as the response and is otherwise fully advised in the premises.

## II.  **Legal Standard**

It is within the Court's discretion to grant a motion for reconsideration. Lussier v. Dugger, 904 F.2d 661, 667 (11th Cir. 1990). Arguments in favor of granting reconsideration must be balanced against the desire to achieve finality in litigation. Id. As stated in Florida College of Osteopathic Medicine, Inc. v. Dean Witter Reynolds, Inc., 12 F. Supp. 2d 1306, 1308 (M.D. Fla. 1998), "[a] motion for reconsideration must demonstrate why the court should reconsider its past decision and set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." Further, "in the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy to be employed sparingly." Lamar Adver. of Mobile, Inc. v. City of Lakeland, 189 F.R.D. 480, 489 (M.D. Fla. 1999).

This Court recognizes three grounds to justify reconsideration of a prior order under Federal Rule of Civil Procedure 59(e): "(1) an intervening change in controlling law; (2) the availability of new evidence, and (3) the need to correct clear error or manifest injustice." Fla. College of Osteopathic Med., Inc., 12 F. Supp. 2d at 1308. In deciding a motion for reconsideration, "[t]his Court will not reconsider its judgment when the motion for

reconsideration fails to raise new issues but, instead, relitigates that which the Court previously found lacking." Ludwig v. Liberty Mut. Fire Ins. Co., No. 8:03-cv-2378-T-17MAP, 2005 U.S. Dist. LEXIS 37718, at *8 (M.D. Fla. Mar. 30, 2005).  In addition, "a motion for reconsideration is not the proper forum for the party to vent dissatisfaction with the Court's reasoning."  Id. at *11 (internal citation and quotation omitted).

## III. **Discussion**

In a diversity case, "[w]hether a successful claimant is entitled to prejudgment interest is a question of state law."  Venn v. St. Paul Fire and Marine Ins. Co., 99 F.3d 1058, 1066 (11th Cir. 1996) (citing Royster Co. v. Union Carbide Corp., 737 F.2d 941, 948 (11th Cir. 1984)).  The parties agree that the award of prejudgment interest in this matter turns on the application of Rhode Island General Laws § 9-21-10.  That statute provides, in relevant part:

> (a) In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at a rate of twelve percent (12%) per annum thereon from the date the cause of action accrued, which shall be included in the judgment entered therein. Post-judgment interest shall be calculated at the rate of twelve percent (12%) per annum and accrue

> on both the principal amount of the judgment and the prejudgment interest entered therein.  This section shall not apply until entry of judgment or to any contractual obligation where interest is already provided.

R.I. Gen. Laws § 9-21-10.  The parties disagree, however, as to whether this statute mandates the imposition of prejudgment interest in this case.

**A.   <u>Discretionary Application</u>**

Peeler argues that § 9-21-10 "contains mandatory language requiring the application of interest to a damage[s] award," and cites <u>Cardi Corp. v. State</u>, 561 A.2d 384, 387 (R.I. 1989), for the proposition that "the awarding of [prejudgment] interest is a ministerial act for the clerk of the court, not an issue to be decided by the court."  (Doc. # 49 at 3).  However, the Rhode Island Supreme Court in <u>Cardi</u> analyzed § 9-21-10 in the context of two issues inapposite to the instant case: (1) whether a party must request the award of interest by motion and (2) whether the interest award already imposed had been "substantively adjudicated."   <u>Cardi</u>, 561 A.2d at 387.  Thus, in determining that prejudgment interest had been "properly and automatically awarded" upon the court's previous entry of judgment, the Rhode Island Supreme Court did not address the role that judicial discretion might

have played in determining, prior to the entry of judgment, whether the claimant was entitled to prejudgment interest based on fulfillment of the recognized statutory purposes of § 9-21-10.  Id.

Peeler additionally cites the Rhode Island Supreme Court's decision in Kastal v. Hickory House, Inc., 95 R.I. 366 (1963), to bolster his position that the imposition of prejudgment interest is mandatory.  In that case, which reviewed a decision of the trial court denying a stay of execution as to interest added by the clerk of that court to a judgment for the plaintiff, the Rhode Island Supreme Court reasoned as follows:

> In our opinion the statute is neither ambiguous nor equivocal.  It speaks imperatively and directly not to the court but to the clerk who is ordered to add to the amount of damages, interest thereon from the date of the writ.  This is a purely ministerial act; it contemplates no judicial intervention.  The legislative fiat is explicit and admits of no conditions or reservations.  The claim for damages having been duly reduced to judgment[,] the addition of interest is peremptory.
>
> *   *   *
>
> We are, therefore, of the opinion that the trial justice did not abuse his discretion in refusing to construe the statute as authorizing the court to inquire into the reasons for the delay and to deny the plaintiff interest on the judgment for her alleged culpability in whole or in part for

> such delay.  He was correct in holding that the
> court had no power under the statute to do this.

Kastal, 95 R.I. at 369.

Although  Kastal  would  seem  to  foreclose  any possibility of judicial discretion in awarding prejudgment interest under § 9-21-10, the Rhode Island Supreme Court has since employed such discretion in at least one case where the court determined that an award of prejudgment interest would be "inappropriate."  In that case, Martin v. Lumbermen's Mutual Casualty Co., 559 A.2d 1028 (R.I. 1989), two family members of a deceased car accident victim sought payment under their auto insurance policies, which provided uninsured-motorist coverage, of the policy limits: $10,000 per person and $20,000 per accident.  Id. at 1029.  In accordance with this uninsured-motorist coverage, the defendant insurance company "agreed to compensate the insured or any member of his or her household for physical injuries or death legally caused by an uninsured or hit-and-run motorist."  Id.

The defendant "conceded liability under both policies and offered [the plaintiff] $20,000, the sum of the $10,000 policy limits of [the two family members'] individual uninsured-motorist coverage."  Id.  However, one of the

family members declined the offer and instead filed a declaratory judgment action to litigate whether a certain state statute might effectively raise the policy limits in her case. Id.

In determining whether the defendant insurance company was required to pay prejudgment interest in accordance with § 9-21-10 on the amount owed to the plaintiff, the Rhode Island Supreme Court reasoned as follows:

> Statutes that award prejudgment interest generally serve the dual purposes of encouraging the early settlement of claims and compensating plaintiffs for waiting for recompense to which they were legally entitled. The award of interest in this case would promote neither of the purposes of § 9-21-10. [The defendant insurance company], soon after [the decedent's] death, made a bona fide effort to settle the claim by offering his estate the $10,000 uninsured-motorist limit of [the family members'] policies. Also, although the estate has been delayed in the receipt of the insurance proceeds, the delay was caused entirely by the litigation [one family member] commenced. *In a situation such as this the awarding of prejudgment interest would be inappropriate.*

Id. at 1031 (internal citations omitted) (emphasis added).

In the years following the Martin decision, several courts faced with interpreting § 9-21-10 have attempted to reconcile the mandatory-application language of the statute with the Rhode Island Supreme Court's position, evident in Martin, that the award of prejudgment interest is a matter

of judicial discretion.   These attempts at reconciliation have produced seemingly paradoxical assessments.   For instance, in <u>Commercial Associates v. Tilcon Gammino, Inc.</u>, 801 F. Supp. 939, 943 (D.R.I. 1992), a Rhode Island district court summarized the statute's application as follows: "In short, R.I. Gen. Laws. § 9-21-10 requires the clerk to include prejudgment interest in every civil judgment as a matter of course.   However, it does not abrogate the court's discretion to determine whether or to what extent a prevailing claimant may be entitled to prejudgment interest." <u>Id.</u>

In another Rhode Island district court case, <u>Buckley v. Brown Plastics Machinery, LLC</u>, 368 F. Supp. 2d 167, 169-70 (D.R.I. 2005), the court similarly explained:

> [W]hile § 9-21-10 appears to mandate that the clerk shall include prejudgment interest in every civil judgment in accordance with the terms of the statute, this section has been interpreted so as not to abrogate the court's discretion to determine whether or to what extent a prevailing party may be entitled to such prejudgment interest.   In this case, there is no compelling reason to ignore the directive of the statute . . . .

<u>Id.</u>; <u>see</u> <u>also</u> <u>Holmes v. Bateson</u>, 583 F.2d 542, 564 (1st Cir. 1978) (acknowledging that the district court imposed prejudgment interest after finding that such imposition

"would be fair and equitable under the circumstances of this case.").

Thus, although the Rhode Island Supreme Court "has consistently stated that prejudgment interest is not an element of damages but is purely statutory, peremptorily added to the compensatory damages award by the clerk," Oden v. Schwartz, No. 2011-167-Appeal, 2013 WL 2109929, at *17 (R.I. May 16, 2013), that court has also, by deeming application of § 9-21-10 "inappropriate" under certain factual circumstances, Martin, 559 A.2d at 1031, endorsed the principle that a court maintains discretion to determine whether prejudgment interest under § 9-21-10 should be imposed.

A federal court sitting in diversity is required to apply the law as declared by the state's highest court. CSX Transp., Inc. v. Trism Specialized Carriers, Inc., 182 F.3d 788, 790 (11th Cir. 1999) (citing Erie R.R. Co. v. Tompkins, 304 U.S. 64 (1938)). In the absence of authority directly on point, this Court must "determine the issues of state law as we believe the [state] Supreme Court would." Id. After due consideration of the relevant Rhode Island law, this Court adheres to its previous reliance on Martin in finding that an award of prejudgment interest may be

11

inappropriate in a case where such award would promote neither of the statutory objectives recognized by the Rhode Island Supreme Court.  (Doc. # 48 at 47).

B.   **Factual Basis**

Peeler alternatively argues that, even if the Court has discretion in imposing prejudgment interest, "this Court erred in determining that Peeler did not respond to KVH's offer to further evaluate Peeler's claim and finding that an award of prejudgment interest to Peeler would not promote the statutory objective of encouraging settlement." (Doc. # 49 at 5).  Specifically, Peeler maintains that he "did follow up with KVH again following KVH's June 10, 2005, letter when it offered to further evaluate Peeler's claim" by way of a letter from Peeler's counsel nearly one year later, in May of 2006.  (Id.).

Peeler mischaracterizes this Court's factual findings. In its discussion of the appropriateness of an award of prejudgment interest in this case, the Court reasoned as follows:

> At least once, in response to Peeler's demands in April of 2005, KVH offered "to further evaluate [Peeler's] claim," provided Peeler would furnish KVH with "a copy of the fully executed January 2003 agreement, as well as any other documents upon which [he] rel[ied]." (June 10, 2005 Letter Doc. # 32-11 at 3).  Peeler, apparently not

12

> interested in pursuing KVH's offer to further
> evaluate his claim at that time, declined to
> provide the requested documents. (Peeler Dep.
> Doc. # 30-2 at 19). Thus, the Court finds that
> awarding prejudgment interest to Peeler would not
> promote the statutory objective of encouraging
> early settlement. Furthermore, much -- if not
> all -- of Peeler's "waiting" regarding his claims
> in this matter can be attributed to his own delay
> in filing this action. The Court accordingly
> finds no cause to award prejudgment interest in
> this case.

(Doc. # 48 at 46-47). Thus, the Court did not state that Peeler failed to "follow up" with KVH at any time after receiving the June 10, 2005 letter, as Peeler contends, but instead noted that Peeler "declined to provide the requested documents" to KVH, which Peeler does not argue is an erroneous factual finding. Instead, Peeler attempts to persuade the Court that Peeler's next communication with KVH, nearly one year later, in May of 2006,[1] constitutes the sort of active correspondence that warrants the imposition of prejudgment interest against KVH for failing to settle this claim sooner.

---

[1] Notably, the letter sent to KVH from Peeler's counsel in May of 2006 also failed to provide the documentation KVH requested in June of 2005. (May 5, 2006 Letter Doc. # 32-12). Instead, the letter made a demand for the total amount of back commissions claimed by Peeler and additionally requested access to certain KVH software. (Id. at 2).

Furthermore, Peeler emphasizes that, "between 2006 and 2010, . . . he was unable to find an attorney that would follow through on filing an action against KVH," having met with "at least three" attorneys in an attempt to pursue the instant breach-of-contract claim.   (Doc. # 49 at 7). Peeler additionally reminds the Court that he suffered various hardships between 2008 and 2010, including a foreclosure action and a lawsuit brought by his partner in a flower shop business.   (Id.).   To the extent Peeler asserts that the Court "overlooked" this testimony (Doc. # 49 at 7), Peeler is incorrect; the Court expressly included within the summary judgment Order these causes for Peeler's delay in bringing this action.   (See Doc. # 48 at 34-35).

Regardless of the reasons for delay, however, Peeler maintains that a plaintiff's delay should not impact a court's analysis when determining whether § 9-21-10 applies in a given case.   Specifically, Peeler notes that the First Circuit in Roy v. Star Chopper Co., 584 F.2d 1124 (1st Cir. 1978), relying on the Rhode Island Supreme Court's decision in Kastal, "dismissed [the] defendant's argument that [the] defendant stands at the mercy of a plaintiff who may decide to delay filing a claim since interest runs from the date

of the cause of action rather than the date of filing."
(Doc. # 49 at 4).

In <u>Roy</u>, the defendant challenged the constitutionality
of § 9-21-10, arguing that the mandatory language
permitting accrual of interest from the date of an injury
"deprives [a] defendant of its property without due process
and denies it equal protection of the laws."  <u>Roy</u>, 584 F.2d
at 1135.   The First Circuit, finding "no constitutional
infirmity in the statute," referenced the Rhode Island
Supreme Court's decision in <u>Kastal</u> for the principle that
"possible prejudice resulting from a dilatory plaintiff
[is] not a reason to render the statute open to alternate
construction."  <u>Id.</u> at 1135-36.

As explained above, the Court is tasked with
interpreting <u>Roy</u> and <u>Kastal</u> in light of the Rhode Island
Supreme Court's more recent decision in <u>Martin</u>.  Due to the
highly fact-dependent nature of the determination as to
whether an award of prejudgment interest would be
appropriate in a given case, the Court, in an abundance of
fairness to Peeler, will reserve this determination until
such time as the parties have had an opportunity to present
all relevant evidence at trial.

## IV.  <u>Conclusion</u>

The Court adheres to its previous determination that an award of prejudgment interest may be inappropriate where such award would promote neither of the statutory purposes of § 9-21-10 recognized by the Rhode Island Supreme Court. Martin, 559 A.2d at 1031. However, in an abundance of fairness to Peeler, the Court defers its determination of whether or to what extent Peeler may be entitled to prejudgment interest until such time as the parties have had an opportunity to present all relevant evidence at trial.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff David Peeler's Motion for Reconsideration of Order on Motions for Summary Judgment (Doc. # 49) is **GRANTED in part** as provided herein.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 19th day of September, 2013.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies: All Counsel of Record

16