UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID PEELER,

        Plaintiff,

v.                          Case No. 8:12-cv-1584-T-33TGW

KVH INDUSTRIES, INC.,

        Defendant.

_____/

**ORDER**

This cause comes before the Court in consideration of Plaintiff David Peeler's Motion for Taxation of Costs (Doc. # 141), filed on April 16, 2014. Defendant KVH Industries, Inc., filed a response in opposition to the Motion (Doc. # 142) on May 1, 2014. For the reasons that follow, the Court grants the Motion in part.

**I.   Background**

Peeler initiated the instant breach of contract action in April of 2012 in Hernando County Circuit Court after Peeler's former employer, KVH, declined to pay Peeler's unpaid back commissions. (Doc. # 2). On July 17, 2012, KVH removed the action to this Court on the basis of diversity jurisdiction. (Doc. # 1). On July 25, 2013, the Court entered an Order denying both parties' motions for summary

judgment (Doc. # 48), and this matter proceeded to a jury trial beginning on January 21, 2014 (Doc. # 102). On January 23, 2014, the jury returned a verdict for Peeler, specifically concluding that KVH had breached its contractual obligations to Peeler and that Peeler had not waived his right to receive the unpaid commissions claimed by him under the relevant agreement. (Doc. # 108). The jury additionally determined that, as a result of the breach by KVH, Peeler sustained a total of $11,664.64 in damages. (Id.).

On February 20, 2014, Peeler filed a motion for judgment as a matter of law (Doc. # 123) and a motion for new trial on damages, or in the alternative, motion for additur (Doc. # 124). Despite receiving a judgment in his favor, Peeler explained that he sought "relief from the judgment due to substantive legal issues not addressed in the jury's verdict . . . [as well as] various evidentiary issues." (Doc. # 133 at 4). On April 7, 2014, the Court entered an Order denying Peeler's motion for judgment as a matter of law and motion for new trial on damages, granting Peeler's motion for application of prejudgment interest, and directing Peeler to file a motion for taxation of costs in this matter. (Doc. # 138).

Peeler filed the present Motion for Taxation of Costs (Doc. # 141) on April 16, 2014.  KVH filed a response in opposition to the Motion on May 1, 2014.  (Doc. # 142).  The Court has reviewed the Motion as well as the response and is otherwise fully advised in the premises.

## II.  Standard for Awarding Costs

"Federal Rule of Civil Procedure 54(d)(1) prescribes an award of costs for a prevailing party unless a federal statute, the Federal Rules of Civil Procedure, or a court order provides otherwise." Tempay Inc. v. Biltres Staffing of Tampa Bay, LLC, No. 8:11-cv-2732-T-27AEP, 2013 WL 6145533, at *2 (M.D. Fla. Nov. 21, 2013); see Durden v. Citicorp Trust Bank, FSB, No. 3:07-cv-974-J-34JRK, 2010 WL 2105921, at *1 (M.D. Fla. Apr. 26, 2010)(stating that Fed. R. Civ. P. 54 establishes a presumption that costs should be awarded unless the district court decides otherwise)(citing Chapman v. Al Transp., 229 F.3d 1012, 1038 (11th Cir. 2000)). However, "the district court's discretion not to award the full amount of costs incurred by the prevailing party is not unfettered;" the district court must articulate a sound reason for not awarding full costs. Chapman, 229 F.3d at 1039 (internal citations omitted).

Specifically, pursuant to 28 U.S.C. § 1920, the following may be taxed as costs under Fed. R. Civ. P. 54(d)(1):

(1) Fees of the clerk and marshal;
(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3) Fees and disbursements for printing and witnesses;
(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under section 1923 of this title;
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920; see Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 440-41 (1987), superseded on other grounds by 42 U.S.C. § 1988(c) (finding that 28 U.S.C. § 1920 defines the term "costs" as used in Rule 54(d) and enumerates the expenses that a federal court may tax as a cost under the discretionary authority granted in Rule 54(d)).

The party seeking an award of costs or expenses bears the burden of submitting a request that enables a court to determine what costs or expenses were incurred by the party and the party's entitlement to an award of those costs or expenses. Loranger v. Stierheim, 10 F.3d 776, 784 (11th Cir.

1994).  "When challenging whether costs are properly taxable, the burden lies with the losing party, unless the knowledge regarding the proposed cost is a matter within the exclusive knowledge of the prevailing party."  <u>Assoc. for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.</u>, 385 F. Supp. 2d 1272, 1288 (M.D. Fla. 2005).

### III. <u>Peeler's Motion for Costs</u>

In conjunction with his Motion, Peeler submits a bill of costs amounting to $10,778.49. (Doc. # 141-1).  Peeler categorizes his costs as follows: (1) fees of the clerk, (2) fees for service of summons and subpoenas, (3) fees for printed or electronically recorded transcripts, (4) fees for exemplification and copy costs, and (5) witness disbursements.  (Doc. # 141).  Peeler additionally seeks interest pursuant to 28 U.S.C. § 1961. (<u>Id.</u> at 6).

KVH does not dispute that Peeler is the prevailing party in this matter and concedes that an award of some costs is appropriate.  However, KVH maintains that "Peeler seeks reimbursements for costs that are not otherwise provided for under the federal rules or which are simply not allowed under the law of this district court."  (Doc. # 142 at 1).  Additionally, KVH argues that "many of the costs claimed are ones for which KVH is not responsible." (<u>Id.</u>).  In light of

KVH's response in which KVH "asks the Court to scrutinize Peeler's Bill of Costs closely and . . . to reduce or strike those costs improperly claimed by Peeler," (Id.), the Court will address each of Peeler's requests in turn.

## A.   **Fees of the Clerk**

Pursuant to § 1920(1), Peeler seeks to recover fees paid to the clerk in the amount of $410.00.  (Doc. # 141 at 3).  KVH "does not contest Peeler's claim for $410 as the cost associated with the filing of the complaint and summons of this action."  (Doc. # 142 at 3).  The Court determines that Peeler's request to recover fees paid to the clerk is appropriate.  Peeler's Motion is thus granted as to the $410.00 cost of the filing fee in this action.

## B.   **Fees for Service of the Summons and Subpoenas**

Also pursuant to § 1920(1), Peeler seeks to recover "fees paid for service of [the] summons and subpoenas in the amount of $453.35."[1]  (Doc. # 141 at 3).  KVH claims that, "by reviewing [Peeler's] back-up invoices, KVH has identified several costs that are not properly claimed." (Doc. # 142 at 3).  For instance, KVH complains that, although Peeler claims

---

[1] Peeler does not provide an itemized calculation of his total requested costs associated with service of the summons and subpoenas.

$55.00 for "Chris Masse and Associates," a process server in Massachusetts, "Peeler fails to provide any indication as to how this April 15, 2012, charge was necessary or successful in transmitting the complaint, interrogatories and request for production to KVH." (Id.). Indeed, KVH claims that it was not served until June 28, 2012, and that "there is no reference to 'Chris Masse and Associates' on that document." (Id. at 4).

KVH additionally contests: (1) an alleged overcharge in the amount of $13.35 paid to a Delaware process server in June of 2012; (2) a $10.00 charge for "check issued to clerk of the circuit court for issuance of the summons," which is not supported by "back up detail"; (3) a $150 charge paid to a process server for - according to KVH - service of process on Mr. James Labelle, whose deposition never occurred and who did not appear at trial; and (4) a $175 charge paid to a process server for a "rush" service charge as to Ian Palmer, as Peeler allegedly knew "that KVH was representing Mr. Palmer and that it would accept service on his behalf." (Id.).

As for the perceived $13.35 price discrepancy in the amount paid to a Delaware process server and the $10.00 charge for issuance of the summons, the Court finds that these charges are properly taxed in accordance with § 1920(1) and

that Peeler has submitted a request for these costs that is "sufficiently detailed to permit the court to determine what costs were actually incurred and whether the prevailing party is entitled to them." J.G. v. Carnival Corp., No. 12-21089-CIV, 2013 WL 5446412, at *1 (S.D. Fla. Sept. 28, 2013).

Furthermore, with regard to the service of process on Labelle, which KVH contends is erroneously labeled as "service of legal process on Ian Palmer," (Doc. # 141-2 at 8), the Court finds that – even if KVH is correct in assuming that this charge was incurred in the service of process upon Labelle rather than Palmer – KVH has not demonstrated that Peeler incurred this cost in bad faith or offered any authority suggesting that the Court should deviate from the presumption that costs properly permitted under § 1920 should be awarded to the prevailing party.  Similarly, the Court finds that Peeler is entitled to recover a reasonable cost for the service of Ian Palmer.

However, "[t]he fees for service of process by private process servers are recoverable under § 1920, as long as the fees do not exceed the amount charged by the United States Marshal for service of process." Carnival Corp., 2013 WL 5446412, at *4.  The Marshal charges $65.00 per hour plus travel costs and other out-of-pocket expenses for serving

process.   See 28 C.F.R. § 0.114(a)(3).   In the absence of documented travel expenses or other out-of-pocket costs, the Court determines that $65.00 each is an appropriate recovery for the service of Palmer and Labelle.   See Carnival Corp., 2013 WL 5446412, at *4.

Furthermore, given the reasonableness of the amount requested for Peeler's attempted service of the complaint, interrogatories, and requests for production upon KVH, and in light of Peeler's specific documentation supporting this request, the Court finds an award of $55.00 to be appropriate. (See Doc. # 141-2 at 18).   The Court thus grants Peeler's Motion to the extent the Court awards Peeler $258.35 for fees paid for service of the summons and subpoenas.[2]

## C.   Fees for Transcripts

Peeler next requests an award of costs in the amount of $4,459.13 "for printed or electronically recorded transcripts necessarily obtained for use in the case." (Doc. # 141 at

---

[2] The Court arrived at this figure by subtracting the excess cost of serving Palmer ($175.00 – $65.00 = $110.00), and excess cost of effecting service upon Labelle ($150.00 – $65.00 = $85.00) from Peeler's requested award of $453.35. ($453.35 – $110.00 – $85.00 = $258.35).   To the extent Peeler's requested total includes amounts not specifically contested by KVH, the Court has awarded those amounts to Peeler consistent with the presumption that reasonable taxable costs should be awarded to the prevailing party.

5).  In particular, Peeler seeks an award of costs for the deposition of Plaintiff David Peeler himself as well as that of KVH's corporate representative, Ian Palmer.  (Id. at 4). Peeler additionally seeks costs for trial transcripts that were used in his motions for post-trial relief.  (Id. at 5).

Fees to the Court Reporter for transcripts necessarily obtained for use in the case are indeed taxable costs under § 1920.  This includes deposition costs.  See United States v. Kolesar, 313 F.2d 835, 837-38 (5th Cir. 1963) ("Though [28 U.S.C. §] 1920(2) does not specifically mention a deposition, . . . depositions are included by implication in the phrase 'stenographic transcript.'").

KVH takes issue with Peeler's claim for $1,542.30 in transcript fees for trial transcripts used in Peeler's post judgment motions and argues that these transcripts were not "necessary for use in the case."  (Doc. # 142 at 4-5) (emphasis in original).  However, the Court disagrees.  Peeler avers that the transcripts were necessary in Peeler's attempt to obtain post judgment relief, and the Court referred to the trial transcript in resolving Peeler's post-trial motions. "Courts have found it appropriate in some cases to even award the costs of obtaining a daily transcript for use during the trial." Weller v. Finger, No. 08-0240-CG-C, 2010 WL 2465522,

10

at *5 (S.D. Ala. June 15, 2010) (citing <u>Syracuse Broadcasting</u> <u>Corp. v. Newhouse</u>, 319 F.2d 683, 690 (2d Cir. 1963)); <u>see</u> <u>also</u> <u>Crouch v. Teledyne Continental Motors, Inc.</u>, No. 10-00072-KD-N, 2013 WL 203408, at *5 (S.D. Ala. Jan. 17, 2013) (awarding costs for trial transcript where party argued transcript was necessary to prepare a motion for judgment as a matter of law).  The Court therefore finds that Peeler may recover the costs for the trial transcript.

Next, KVH correctly notes that shipping costs related to the depositions are not taxable. <u>See</u> <u>Awwad v. Largo Med. Ctr.,</u> <u>Inc.</u>, No. 8:11-cv-1638-T-24TBM, 2013 WL 6198856, at *4 (M.D. Fla. Nov. 27, 2013).  "Likewise, [KVH] correctly argues that the costs of ASCII copies are not taxable." <u>Id.</u>  KVH further contends that "although exhibits to depositions can be taxed, the copy of a transcript as well as the scanning and the linking of the exhibits to the transcript, which were done for the convenience of counsel, should not be taxed." (Doc. # 142 at 5).  The Court agrees with each of KVH's proposed reductions to Peeler's deposition costs.  Thus, the following costs are denied:

**Peeler's Deposition**

| | |
|---|---|
| ASC II Condensed | $35.00 |
| Exhibit Link to Transcript | $49.35 |

| | |
|---|---|
| Exhibit Scan | $49.35 |
| Delivery, Shipping and Handling | $25.00 |
| Total Reduction for Peeler Transcript: | $158.70 |

**Palmer's Deposition**

| | |
|---|---|
| Condensed | $73.00 |
| E-Transcript | $35.00 |
| P&H | $40.00 |
| Total Reduction for Palmer Transcript: | $148.00 |

Accordingly, the Court awards Peeler $4,152.43 for the costs associated with transcripts, which represents Peeler's requested amount of $4,459.13 minus KVH's proposed reductions with regard to the depositions of Peeler ($158.70) and Palmer ($148.00).

### D.   Fees for Exemplification and Copy Costs

"Like deposition costs, the costs of photocopies are recoverable if the copies were necessarily obtained for use in the case.  Unlike deposition costs, the party moving for taxation of costs must present evidence regarding the documents copied including their use or intended use." Perkins v. Tolen, No. 3:10-cv-851-J-37TEM, 2012 WL 3244512, at *2 (M.D. Fla. July 31, 2012) (internal citations omitted). Because "the prevailing party *alone* knows the purpose of the copies . . . the prevailing party *must* provide information

regarding the purpose of the copies charged so that the Court may address the relevant factual issues." Id. (internal quotations omitted) (emphasis in original). "Thus, among other non-recoverable costs, it has been held that nondescript general copying costs are typically unrecoverable." Id.

Peeler seeks to recover $914.46 in copy costs. (Doc. # 141 at 5). Peeler itemizes these costs as follows: (1) $51.25 in photocopy charges associated with exhibits filed with the Court and provided to opposing counsel at pretrial; (2) $400.25 in photocopy charges associated with exhibit notebooks provided to the Clerk, Judge, opposing counsel, and Plaintiff's counsel for use at trial; (3) $112.00 in photocopy charges associated with exhibits filed with the Court and used at trial; and (4) $350.96 to Harvey Moore and Associates for "trial graphics/demonstrative aid." (Id.).

KVH argues that Peeler fails to sufficiently identify the documents for which he requests reimbursement. (Doc. # 142 at 6). Alternatively, KVH "takes issue with Peeler's request for duplicating costs in the amount of $0.25 per page," and suggests that a rate of $0.10 to $0.14 per page would be more reasonable. (Id. at 6-7). In so suggesting, KVH relies on Monelus v. Tocodrian, Inc., 609 F. Supp. 2d

13

1328, 1336 (S.D. Fla. 2009), which provides that, "[i]n view of advances in technology . . . a review of more recent cases in the Eleventh Circuit indicate that a rate of $.10 to $.14 per copy is more reasonable [than a rate of $.19 per page]." Peeler provides no authority on this point, but merely states in his Motion that "the copies were created at a reasonable cost of $0.25 per page."  (Doc. # 141 at 6).

In accordance with other cases within this District and the Eleventh Circuit generally, see Monelus, 609 F. Supp 2d at 1336; Perkins, 2012 WL 3244512, at *2, this Court finds that "there is broad consensus that the reasonable market rate for copies is $.10 to $.15 cents." Perkins, 2012 WL 3244512, at *3.  The Court accordingly reduces Peeler's requested costs for photocopies by 50%, amounting to $.125 cents per copy, and awards Peeler a total of $281.75 in photocopying costs.[3]

As for Peeler's claim for $350.96 for "trial graphics/demonstrative aid," the Court concludes that the cost of Peeler's demonstrative aid may be taxed against KVH as an "exemplification" under section 1920(4).  In Arcadian

---

[3] $51.25 (copy charges for exhibits during pretrial) + $400.25 (copy charges for exhibit notebooks) + $112.00 (copy charges for exhibits used at trial) = $563.50.  $563.50/2 = $281.75.

14

_Fertilizer, L.P. v. MPW Indus. Servs., Inc._, 249 F.3d 1293, 1296 (11th Cir. 2001), the Eleventh Circuit explained:

> For costs to be taxed under § 1920(4), an item must fit within either the category "copies of paper" or the category "exemplification." We read "copies of paper" to mean reproductions involving paper in its various forms, and conclude that because oversize documents and color photographs are capable of this characterization, taxation of these costs was not error. However, neither [ ] videotape exhibits nor [ ] computer animation are susceptible to this characterization . . . .

The Court finds Peeler's demonstrative aid to constitute a "reproduction involving paper in its various forms" as described in _Arcadian Fertilizer_. The Court accordingly awards Peeler the cost of preparing this demonstrative aid used at trial. Peeler's Motion is thus granted to the extent that the Court awards a total of $632.71 for exemplification and copying costs.[4]

### E.   Witness Disbursements

"Congress has . . . established the fees payable to a witness, and the extent to which those fees are included in awardable costs." _Integra Resort_, 385 F. Supp. 2d at 1288. Witness fees are set by 28 U.S.C. § 1821(b), which provides that "[a] witness shall be paid an attendance fee of $40 per

---

[4] $281.75 reduced copying costs + $350.96 cost for trial graphics/demonstrative aid = $632.71.

day for each day's attendance."  28 U.S.C. § 1821(b); <u>see</u> <u>also</u> <u>Carnival Corp.</u>, 2013 WL 5446412, at *5 ("Generally, an attendance fee of $40.00 is recoverable under § 1920 for witnesses who attend trial or a deposition.").  "This $40.00 is a maximum amount per witness, including expert witnesses." <u>Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.</u>, 697 F. Supp. 2d 1349, 1371 (S.D. Fla. 2010).  "A witness's travel costs may also be recoverable, but the party requesting travel costs needs to provide detailed documentation of the expenses incurred." <u>Carnival Corp.</u>, 2013 WL 5446412, at *5.

Peeler "seeks costs for the reasonable travel costs of . . . three trial witnesses, including airfare to Tampa, Florida, hotel accommodations in Tampa, Florida, witness fee and mileage reimbursement to Ian Palmer, mileage reimbursement to Dan Adams, and reimbursement for missed work for Scott Czewski," for a total of $4,459.13.  (Doc. # 141 at 6).

KVH opposes Peeler's requested witness disbursements. First, KVH directs the Court's attention to Peeler's attached Transactions Listing Report, which claims $424.50 "for airfare to and from Tampa for appearance at trial (Thomas High)."  (Doc. # 141-2 at 1; Doc. # 142 at 7).  This request is inappropriate, KVH reasons, because High did not in fact

appear at trial. As for the cost of airfare in the amount of $360.00 requested for Czewski's flight to Tampa, KVH cites to Hawkins v. Condo. Owners Ass'n of Sand Cay, Inc., No. 8:10-cv-650-T-30TBM, 2012 WL 4761357, at *4 (M.D. Fla. Oct. 5, 2012), for the principle that "[m]eals, courier/postage, Lexis-Nexis research, air fare, and lodging are not included under § 1920."

KVH similarly argues that Peeler is not entitled to recover $1,000.00 to reimburse Czewski for missed work, $1,400.00 for Dan Adams' mileage "and expenses associated with trial appearance," or $1,230.00 for Adams and Czewski's combined six-night hotel stay in Tampa. (Doc. # 142 at 8). KVH also asks the Court to deny Peeler's request for witness fee and mileage reimbursement for Ian Palmer because, "[a]s Palmer testified during his deposition, KVH – not Peeler – paid his expenses to Tampa." (Id. at 8-9). The Court will address each of KVH's concerns in turn.

While KVH is correct that § 1920 does not explicitly contemplate airfare as a taxable cost, the fees and disbursements for witnesses that may be taxed under 28 U.S.C. § 1920(3) are further regulated by 28 U.S.C. § 1821. The statutory permission of witness fees and expenses is aptly summarized as follows:

> Taxation of witness fees is proper pursuant to §
> 1920(3).  The amount, however, is limited by Title
> 28 U.S.C. § 1821(b), which provides that a witness
> shall be paid an attendance fee of $40 per day for
> each day's attendance.  A witness is also entitled
> to the actual expenses of travel by common carrier
> at the most economical rate reasonably available.
> 42 U.S.C. § 1821(c)(1).  In addition, a witness is
> entitled to a subsistence allowance in an amount
> not to exceed the per diem allowance for federal
> employees when the witness is required to stay
> overnight . . . .   With respect to taxation of
> costs, "expert" witnesses are treated virtually the
> same as non-expert witness[es].

Ferguson v. Bombardier Servs. Corp., No. 8:03-cv-539-T-31DAB,

et al., 2007 WL 601921, at *5 (M.D. Fla. Feb. 21, 2007).

Under § 1821, "[a] witness is allowed actual travel

expenses as limited by the 100-mile rule which states that

travel expenses are limited to a distance of 100 miles absent

'special circumstances.'"  Specialized Transp. of Tampa Bay,

Inc. v. Nestle Waters N. Am., Inc., No. 8:06-cv-421-T-33EAJ,

2010 WL 3419816, at *6 (M.D. Fla. July 29, 2010).  "In

determining whether special circumstances exist, the Court

considers the relevance and necessity of the witness's

testimony, the existence of court approval before incurrence

of the travel expenses, and whether the movant seeking costs

could have obtained similar testimony from witnesses residing

closer." (Id.).

Peeler has failed to show special circumstances to warrant recovery of the airfare paid to Tom High. Indeed, the Court finds that no costs for the travel of Tom High are recoverable. Tom High was not deposed in this matter and did not attend the trial. The Court notes that, days before this trial was scheduled to begin in January of 2014, Peeler accused KVH of some unspecific involvement in High's decision not to testify and requested that the Court re-open the discovery period so that Peeler could take the deposition of High and one other potential witness. (Doc. # 97). The Court denied that request, reasoning that "delaying the trial at this late juncture so that Peeler may conduct additional discovery would be exceedingly burdensome to the Court as well as Peeler's opposing party and counsel." (Doc. # 98). Notwithstanding High's absence at trial, Peeler obtained a verdict in his favor.

Peeler himself notes that expenses such as "transportation, parking and overnight accommodations" may be awarded "*when necessary*." (Doc. # 141 at 6) (quoting Dillon v. Axxys Intern., Inc., No. 8:98-cv-2237-T-23TGW, 2006 WL 3841809, at *8 (M.D. Fla. Dec. 19, 2006)) (emphasis added). Peeler has failed to show that the costs associated with High's airfare were necessarily incurred, and the Court

accordingly declines to award Peeler's documented cost in the amount of $424.50 designated "Check issued to American Express for airfare to and from Tampa, Florida for appearance at trial (Thomas High)." (Doc. # 141-2).

Additionally, the Court declines to award Peeler's request for $1,000 to reimburse Scott Czewski for missed work. (See Doc. # 141 at 6; Doc. # 141-2 at 9). Section 1920 does not provide that a witness's cost of missing work may be awarded as costs to the prevailing party, and Peeler provides no authority supporting his request.

As for the travel expenses of Czewski and Adams, the Court permits Peeler's recovery of a subsistence allowance in accordance with § 1821(d)(1). As explained above, the subsistence allowance shall "not exceed the maximum per diem allowance prescribed by the Administrator of General Services . . . for official travel in the area of attendance by employees of the federal government." 28 U.S.C. § 1821(d)(1). The per diem rate for Tampa in January of 2014 provides $116 for lodging and $51 for meals and incidental expenses, for a total of $167 per witness, per day. Additionally, in accordance with § 1821(c)(1), "[a] witness who travels by common carrier shall be paid for the actual expenses of travel on the basis of the means of transportation reasonable

utilized . . . . A receipt or other evidence of actual cost shall be furnished."

The Court accordingly permits the recovery of Peeler's requested witness disbursements as follows: (1) $734.00 for Czewski, representing a $40.00 attendance fee for Czewski's one day of trial testimony, plus $334.00 for two days of lodging and subsistence at the per diem rate described above, plus $360.00 in air fare as specified on the receipt supplied by Peeler (Doc. # 141-2 at 31); and (2) $581.00 for Adams, representing $80.00 in attendance fees for Adams's two days of trial testimony, plus $501.00 for three days of lodging and subsistence at the per diem rate. Because Peeler neglected to provide any information as to the details for calculating Adams's mileage, the Court declines to award those costs.[5]  The Court also declines to award the cost of the witness fee and mileage for Palmer's deposition, as Palmer's testimony reveals that KVH, not Peeler, covered Palmer's expenses incurred in connection with the deposition. (Doc. # 142-4 at 4). Peeler's Motion is thus granted to the

---

[5] Aside from providing Adams's hotel bill in an amount exceeding the maximum per diem allowance, Peeler does not itemize or demonstrate the reasonableness of the $1,400.00 allegedly paid to Adams "for mileage and expenses associated with trial appearance." (See Doc. # 141-2 at 8, 42).

extent that the Court awards a total of $1,315.00 for witness disbursements.

**IV.   Conclusion**

A prevailing party is not entitled to recover every expense actually incurred in the course of litigation.  In 28 U.S.C. § 1920, Congress has expounded on the costs recoverable under Rule 54(d), and "the Court has no discretion to award those costs not enumerated" in the statute.  Perkins, 2012 WL 3244512, at *1.  In accordance with this principle, and for the reasons stated above, the Court determines that Peeler is entitled to an award of costs in the total amount of $6,768.49.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

Plaintiff David Peeler's Motion for Taxation of Costs (Doc. # 141) is **GRANTED** to the extent that the Court concludes $6,768.49 should be taxed.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 16th day of June, 2014.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: All Counsel of Record